UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Case Number: 14-61775-CIV-MORENO

OCEAN CAY LTD.,

    Plaintiff,

v.

ALEBAMON MARINE SERVICES, LLC, and
MATT GREEN,

    Defendants.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant Alebamon Marine Services, LLC's motion to dismiss Plaintiff Ocean Cay LTD's Complaint for lack of personal jurisdiction.

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is **DENIED**. As set forth below, Florida's long-arm statute confers jurisdiction on this Court to entertain Ocean Cay's claims against Alebamon, *see* Fla. Stat. § 48.193, and the Court's exercise of jurisdiction does not offend the Due Process Clause of the Constitution. U.S. Const. amend. XIV.

In this Case, Ocean Cay (a Bahamian company) alleges that Alebamon (an Alabama company) breached a maritime contract for the purchase of a deck barge. Alebamon believes that this Court does not have jurisdiction to entertain an action against it because: 1) the Parties are not Florida residents; 2) the dispute involves the sale of a vessel located in the Bahamas that was to be delivered in Louisiana; and 3) though the contract includes a Florida forum selection clause, Ocean Cay "cancelled" the clause by reselling the barge after this transaction fell

through. Ocean Cay responds that—in addition to the Parties' forum selection clause—this Court has jurisdiction to entertain its claims because payment on the contract was to be made into a Florida bank account. For the forthcoming reasons, the Court agrees that the location of payment and the forum selection clause confers jurisdiction on the Court.

The Court may exercise personal jurisdiction to the extent authorized by Florida law and to the extent allowed by the Constitution. *See Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). With respect to Florida law, Ocean Cay directs the Court to Florida's long-arm statute, by which the Court may exercise jurisdiction over an action for "[b]reaching a contract in this state by failing to perform acts required by the contract to be performed in this state." *See* Fla. Stat. § 48.193(1)(g). According to the Florida District Court of Appeals, "[f]ailure to pay a contractual debt where payment is due to be made in Florida is sufficient to satisfy Florida's long-arm provision that refers to contractual acts 'required' to be performed in Florida." *Global Satellite Communication Co. v. Sudline*, 849 So. 2d 466, 468 (Fla. Dist. Ct. App. 2003). Here, Ocean Cay alleges that Alebamon failed to make a payment into a Florida bank account, thereby satisfying Florida's long-arm statute.

The Court next considers whether the exercise of jurisdiction "offend[s] traditional notions of fair play and substantial justice" in contravention of the Due Process Clause. *See International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotations omitted). While the Parties' forum selection clause (standing alone) does not satisfy Florida's long-arm statute, *see Alexander Proudfoot Co. World Headquarters v. Thayer*, 877 F.2d 912, 920 (11th Cir. 1989), the forum selection clause *does* satisfy the Due Process prong of the Court's analysis:

> [B]ecause the personal jurisdiction requirement is a waivable right, there are a variety of legal arrangements by which a litigant may give express or implied consent to the personal jurisdiction of the court. For example, particularly in the

> commercial context, parties frequently stipulate in advance to submit their controversies for resolution within a particular jurisdiction. Where such forum-selection provisions have been obtained through freely negotiated agreements and are not unreasonable and unjust, their enforcement does not offend due process.

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n.14 (1985) (internal citations and quotations omitted). The Parties' forum selection clause is "presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) (quoting *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 593–95 (1991)). In order to overcome the presumption of validity, Alebamon must do more than demonstrate that Ocean Cay would not otherwise satisfy Florida's long-arm statute; Alebamon must prove that its formation was induced by fraud or overreaching, or that enforcement of the clause would contravene public policy. *See id.* The Court is unaware of circumstances that that would cast doubt on the validity of the Parties' forum selection clause.[1] Because Alebamon freely selected this forum to resolve all disputes arising from its contract with Ocean Cay, the Court's exercise of jurisdiction does not offend traditional notions of fair play and substantial justice.

---

[1] Alebamon's argument that Ocean Cay "cancelled" the contract does not affect the validity of the forum selection clause. This Court has held that forum selection clauses are severable and remain in effect upon breach. *See Sachs v. Bankers Life & Cas. Co.*, No. 11-81344-CIV, 2012 WL 1900033, at *2 (S.D. Fla. May 24, 2012) ("[A] forum selection clause operates as a separate contract that is severable from the agreement in which it is contained and is enforceable, as long as the forum selection clause itself was not included in the contract because of fraud."). To hold otherwise would nullify forum selection clauses upon contractual dispute—precisely when their terms would take effect.

DONE AND ORDERED in Chambers at Miami, Florida, this 12 day of December, 2014.

                                                       FEDERICO A. MORENO
                                                       UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record